IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUGENE GOLSTON, | ) |
| | )Civil Action No. |
| Plaintiff, | ) |
| | )Judge |
| vs. | ) |
| | )Magistrate Judge: |
| FORD MOTOR COMPANY, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

The Plaintiff, Eugene Golston, through his attorneys, hereby complains against the Defendant Ford Motor Company as follows:

### Nature of the Action

1. The Plaintiff is currently a forty-eight year old African American male who had been employed by Ford Motor Company for over 22 years as an electrician at its Chicago Assembly Plant. In December, 2017, the Plaintiff was questioned about massaging the shoulders of a female co-worker which he denied. Nevertheless, on or about January 17, 2018, the Plaintiff was informed his employment was being terminated because he engaged in sexual harassment. Notwithstanding Plaintiff's denials, supported by witness statements refuting the allegations, the Defendant terminated Plaintiff. The Defendant, however, did not terminate younger non-African American employees who engaged in substantially more egregious sexual harassment then the alleged conduct the Defendant accused Golston of committing. Moreover, the Defendant only credited the female employee's story and summarily rejected the plaintiff's version and his corroborating evidence. To redress the discriminatory treatment, the Plaintiff brings a claim for race discrimination under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; for sex discrimination under Title VII of the Civil Rights Act, 42- U.S.C. § 2000e-2 *et*

*seq.*; and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

2. On or about April 4, 2018, the Plaintiff filed Charge No. 440-2018-02775 with the Equal Employment Opportunity Commission alleging race, sex, and age discrimination against the Defendant.

3. On April 5, 2018, the EEOC issued the Plaintiff a Notice of his right to sue. A true and correct copy of the Right to sue notice is Attached hereto as Exhibit A. This action has been brought within 90 days following receipt by Plaintiff of the Right to Sue Notice.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question under 42 U.S.C. § 1981; 42 U.S.C. § 2000e-2; and 29 U.S.C. § 621 *et seq.*

5. Venue is proper in this federal court because the Defendant conducts business in the Northern District of Illinois, Eastern Division and the cause of action arose here.

### The Parties

6. The Plaintiff, Eugene Golston, is an African-American male, born on November 29, 1969 and resides in Merrillville, Indiana.

7. The Defendant, Ford Motor Company, Inc. is engaged in the automobile manufacturing business with an assembly plant located at 12600 S. Torrence Ave., Chicago, IL

8. In 2017, Ford employed over 200,000 people worldwide and had pre-tax profits exceeding $2.0 billion.

### Plaintiff's Employment

9. The Plaintiff began his employment at Ford over twenty-two years ago. His last

position held was that of an electrician in the paint department at the Chicago Assembly Plant.

10. At no time prior to the event alleged herein has the Plaintiff ever been accused of any sexual harassment or inappropriate behavior or conduct towards any other employee. Nor had the Plaintiff been subject to any discipline for at least five years.

### The EEOC Sexual Harassment Settlement

11. Harassment directed towards women and African-American employees was prevalent at the Chicago Assembly Plant which resulted in an investigation by the Equal Employment Opportunity Commission in approximately 2017.

12. On or about August 15, 2017, Ford and the EEOC entered into a conciliation agreement whereby Ford agreed to pay $10.125 million to settle complaints of sex and race harassment for a group of individuals working at the Chicago Assembly Plant and the Chicago Stamping Plant.

13. On information and belief, the conciliation agreement provided monetary relief of up to $10.125 million to employees who are found eligible through a claims process.

14. On information and belief, the claims process provided for female employees to complete questionnaires identifying the degree to which they believed they were subjected to sexual harassment. The more severe or pervasive harassment identified, the larger the monetary relief the alleged victim was entitled to recover from the settlement fund.

15. As a result of the settlement process, Ford knew or should had known that employees would be encouraged to fabricate claims of sexual harassment in order to recover money from the EEOC settlement. Accordingly, a thorough investigation of the claims was necessary to root out false or grossly exaggerated claims of sexual harassment to protect person's falsely accused.

**The Sexual Harassment Claims Brought Against the Plaintiff**

16. On or about December 14, 2017, the Plaintiff was questioned by Ford's Labor Relations and Human Resources about whether he engaged in any inappropriate behavior towards a female employee. Specifically, the Plaintiff was asked if he ever massaged a co-worker's shoulders or touched her hands inappropriately. The Plaintiff denied engaging in any inappropriate conduct towards any employee at any time.

17. Approximately a month after being initially questioned about inappropriate conduct, the Plaintiff was notified he was being terminated on January 17, 2018 for engaging in sexual harassment in violation of Ford's Code of Conduct policies.

18. At no time between the time Golston was interviewed in December 2017 and his termination on January 17, 2018 did Ford speak to the Plaintiff further about the alleged harassment.

19. The Plaintiff and his union representative asked Ford to review any surveillance tapes of his work area which would refute the claims of sexual harassment. He also attempted to provide witness statements from female employees in his work area who also refuted the harassment allegations against the Plaintiff. Ford, however, refused to investigate whether any surveillance tapes existed relating to the alleged harassment and refused to take Plaintiff's witness statements or talk to his witnesses.

20. Also, Ford engaged in an unfair labor practice by refusing to give Golston or his union representative its investigative report relating to the allegation of sexual harassment made against Golston. As a result, Golston had no meaningful opportunity to confront the accusations against him or defend his reputation. Instead, Ford simply notified Golston he was being

terminated for sexual harassment and made the decision in reckless disregard as to whether the accusation was false or improperly motivated.

## COUNT I
### (Race Discrimination 42 U.S.C.§ 1981)

1-20.    The Plaintiff incorporates paragraphs 1 through 20 above as paragraphs 1 through 20 of this Count I.

21.    Ford terminated Golston because he alleged massaged a co-workers shoulders and inappropriately touched her hand, an accusation he refuted.

22.    Even if that accusation against Golston constituted sexual harassment in violation of Ford's Code of Conduct, other employees who are not African-American engaged in substantially more egregious sexual misconduct in violation of the Code of Conduct but were not terminated.

23.    Specifically, non-African employees who repeatedly engaged in sexual harassment including groping of females, offensive and degrading language, and even physical threats received a warning and, at worst, brief suspensions from work. Yet, the Plaintiff was terminated for one unsubstantiated accusation of massaging a co-workers shoulders and touching her hand.

24.    By subjecting similarly situated non-African-American employees to more favorable treatment, the Defendant subjected the Plaintiff to unequal terms and conditions of employment.

25.    As an African-American, the Plaintiff is entitled to protection of the rights enumerated under 42 U.S.C. §1981.

26.    By subjecting the Plaintiff to unequal terms and conditions of employment than

similarly situated non-African American employees, Defendants intentionally discriminated against Plaintiff because of his race - Black.

27. The discrimination against Plaintiff by the Defendant interfered with his employment relationship with Ford and the enjoyment of all benefits, privileges, terms and conditions associated with that contractual relationship in violation of 42 U.S.C.§ 1981.

28. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, Golston has suffered both actual and compensatory damages, including emotional distress.

29. The acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights. Accordingly, punitive damages against the Defendant are warranted.

Wherefore, the Plaintiff, Eugene Golston, hereby requests that judgment be entered in his favor and against the Defendant Ford Motor Company and to award him the following relief:

    a. Declare that the acts and practices complained of herein are in violation of 42 U.S.C. § 1981;

    b. Restrain and permanently enjoin these violations of 42 U.S.C. § 1981;

    c. Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

    d. Award Plaintiff actual damages;

    e. Reinstate the Plaintiff or if reinstatement is not feasible, to award Plaintiff front pay;

    f. Award Plaintiff compensatory damages and damages for his mental anguish and humiliation;

    g. Award Plaintiff punitive damages;

    h.    Award Plaintiff his expenses incurred in connection with this action, including reasonable attorneys' fees as provided by 42 U.S.C. § 1981a; and

    i.    Grant Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II
### (Sex Discrimination 42 U.S.C. § 2000e-2)

1-20.    The Plaintiff incorporates paragraphs 1 through 20 above as paragraphs 1 through 20 of this Count II.

21.    By terminating the Plaintiff on a false accusation of sexual harassment made by a female co-worker without providing the plaintiff, a male employee, with the same opportunity to present his own evidence refuting the female employee's story or otherwise confront the accusations her against him, the Defendant subjected the Plaintiff to unequal terms and conditions of employment based on his sex - male in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2.

22.    As a direct result of the discriminatory treatment, Plaintiff has suffered actual and compensatory damages, including emotional distress.

23.    The Defendants' discrimination of Plaintiff was in willful disregard of his federally protected rights. Accordingly, punitive damages are warranted.

Wherefore, the Plaintiff, Eugene Golston, hereby requests that judgment be entered in his favor and against the Defendant Ford Motor Company and to award him the following relief:

    a.    Declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e-2;

    b.    Restrain and permanently enjoin these violations of Title VII;

    c.    Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated;

    d.    Award Plaintiff actual damages;

    e.    Award Plaintiff back pay and front pay if restatement is not feasible;

    f.    Award Plaintiff compensatory damages and damages for his mental anguish and humiliation;

    g.    Award Plaintiff punitive damages;

    h.    Award Plaintiff his costs incurred in connection with this action, including reasonable attorneys' fees as provided by 42 U.S.C. § 2000e-6(k); and

    i.    Grant Plaintiff such other and further relief as this Court deems just and proper.

## COUNT III
### (Age Discrimination - ADEA)

1-20.    The Plaintiff incorporates paragraphs 1 through 20 above as paragraphs 1 through 20 of this Count III.

21.    Plaintiff's age of 48 at the time of his termination placed him in a protected age group under the ADEA.

22.    At the time of his termination, Plaintiff was substantially older than the other employees at Ford, including his co-worker who accused him of sexual harassment, and other employees who were accused of sexual harassment, but were not terminated.

23.    At all times during his employment, Plaintiff was satisfactorily performing his job responsibilities to warrant continued employment.

24.    Plaintiff was subjected to employment discrimination because Ford terminated him on a false accusation of sexual harassment made by a substantially younger employee without providing him with the same opportunity to present his own evidence refuting the younger employee's story or otherwise confront the accusations against him

25.    Plaintiff was further subjected to age discrimination because substantially younger employees who repeatedly engaged in sexual harassment including groping of females, offensive

and degrading language, and even physical threats received a warning and, at worst, brief suspensions from work. Yet, the Plaintiff was terminated for one unsubstantiated accusation of massaging a co-workers shoulders and touching her hand despite never being accused of such misconduct in his 20+ years of employment at Ford.

26. After his termination, Plaintiff is informed and believes he was replaced by a substantially younger employee with less experience.

27. By terminating Plaintiff's employment based on a substantially younger employee's false accusations of sexual harassment and treating other younger employees more favorably despite more egregious accusations of sexual harassment against them, the Defendant discriminated against Plaintiff because of his age - 48

28. By discriminating against Plaintiff because of his age, the Defendant violated the ADEA, 29 U.S.C. § 623.

29. The Defendant's violation of the ADEA caused Plaintiff to suffer actual and compensatory damages.

30. The Defendant's conduct was willful because it acted with an intentional or reckless disregard for Plaintiff's civil rights protected under federal law.

Wherefore, the Plaintiff, Eugene Golston, hereby requests that judgment be entered in his favor and against the Defendant Ford Motor Company and to award him the following relief:

    a. Declare that the acts and practices complained of herein are in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623;

    b. Restrain and permanently enjoin these violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623;

    c. Direct the Defendant to take such affirmative action as is necessary to ensure that

the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

d. Award Plaintiff actual damages including lost wages and benefits;

e. Reinstate the Plaintiff or alternatively, award him front pay;

f. Award the Plaintiff liquidated damages pursuant to 29 U.S.C. § 626(b);

g. Award Plaintiff interest on the damage awards;

h. Award the Plaintiff his costs and reasonable attorneys' fees incurred in connection with this action; and

i. Award the Plaintiff such further and additional relief that the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS**

EUGENE GOLSTON

By: */s/ Marshalll J. Burt*
    One of his attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 W. Washington, Ste 1300
Chicago, IL 60602
(312)-419-1999
marshall@mjburtlaw.com
IARDC#6198381